JAMES M. CODY, plaintiff in error, vs. RADFORD C. RHODES, enrolling officer, defendant in error.

A certificate of disability, signed by one surgeon only, whether a member of the regular examining board or not, was not evidence of exemption from military service, under the laws of Congress and regulations of the war department, which were of force in October 1863.

*Habeas Corpus,* in Warren Superior Court. Decided by JUDGE REESE, October Term 1864.

This *Habeas Corpus* was sued out by the plaintiff in error, against the enrolling officer of his County, in October 1863. The writ was granted by Judge Thomas, but did not come to a hearing until the last term of Warren Superior Court, when it was disposed of by his successor, Judge Reese.

The only point the case presented, was whether the following certificate was a valid protection against military service in the armies of the Confederate States.

" Warrenton, March 5th, 1863.
I certify that I have examined JAMES M. CODY, and find him incapable of discharging the duties of a soldier.
G. B. POWELL.

His Honor, Judge Reese, decided adversly to the sufficiency of the certificate, and remanded the plaintiff in error to the custody of the enrolling officer.

The objection to the certificate urged here in argument was, that it was the act of one surgeon only, instead of the Board of surgeons provided for by law. Whether or not Dr. Powell was a member of the Board, is not shown by the record, but he was treated as such in the argument before this Court.

POTTLE, for plaintiff in error.

F. H. MILLER, for defendant.

LUMPKIN, C. J.

The only question in this case is, whether the certificate of a single physician is sufficient to exempt from liability to military service. The act of vacating all previous exemptions required rules to be prescribed by the Secretary of War. He required a *medical Board* to act in case of alleged physical disability. It was competent for the Secretary of War to make the rule, and therefore the certificate of a single physician will not answer.

Judgment Affirmed.